## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Case No. 1:16-cv-_____

Josie Tapest ,

      **Plaintiff,**

v.

**PS Camping, Inc. ,** d/b/a Prospectors RV Resort,
**RhoJo Enterprises, LLC** d/b/a Orion Recovery,
**Rhonda Schirado,** an individual, and
**Michael  Schirado,** an individual,

      **Defendants.**

---

## COMPLAINT

---

### INTRODUCTION

1.  Plaintiff Josie Tapest worked as an office manager for Defendants' RV park and collections agency for almost a year and a half.  During this time, despite working 10-12 hours (or more) most days, she was paid less than the minimum wage for the first part of her employment, and then later on was promised a higher salary amount but was not paid at all for long stretches of time. To challenge these and other wage violations, Plaintiff brings this action, by and through her attorneys, against Defendants PS Camping, Inc., d/b/a Prospectors RV Resort; RhoJo Enterprises, LLC d/b/a Orion Recovery; and their principals, Rhonda and Michael Schirado, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as

**ANDERSON DODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

implemented by the Colorado Minimum Wage Order (the "Minimum Wage Order").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3.  This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

4.  Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' RV park located at 43595 Hwy 50 West, Canon City, CO   81212.

## PARTIES

**Corporate Defendants**

5.  Defendant **PS Camping, Inc.**  d/b/a Prospectors RV Resort  (hereinafter "Prospectors") is a  corporation doing business in Fremont County, whose principal place of business is located at 43595 Hwy 50 West, Canon City, CO    81212.  Its registered agent is listed with the Colorado Department of State as Michael Ernest Schirado at the same address.

6.  Defendant **RhoJo Enterprises LLC** d/b/a Orion Recovery (hereinafter "RhoJo") is a limited liability corporation doing business in Fremont County, whose principal place of business is located at 43595 Hwy 50 West, Canon City, CO   81212.  Its registered agent is listed with the Colorado Department of State as Michael E Schirado at the same address.

7.  At all relevant times, Defendants were engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Tapest v. Prospectors RV Resort*
USDC, District of Colorado

Complaint
Page 2

8.  At all times material to this action, Defendant Prospectors and Orion Recovery were subject to the FLSA and was "employers" of the Plaintiff, as defined by § 203(b) of the FLSA.

9.  At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

**Defendants Rhonda and Michael Schirado**

10. Defendants Rhonda and Michael Schirado reside on premises at the Prospectors RV park located at 43595 W U.S. 50, Canon City, CO   81212.

11. Defendants Rhonda Schirado and Michael Schirado are husband and wife.

12. At all times material to this action, the Schirado Defendants actively participated in the business of the corporations.

13. At all times material to this action, the Schirados exercised substantial control over the functions of the company's employees including Plaintiff.

14. Both Schiarados were Plaintiff's "bosses."   They had the authority to hire her, fire her, direct her activities, and be responsible for her compensation arrangement and actual pay.

15. At all times material to this action, both Schirados were "employers" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Josie Tapest**

16. At all times material to this action, Plaintiff Tapest was an "employee" within the meaning of 29 U.S.C. § 203(e).

*ANDERSONDODSON, P.C.*
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Tapest v. Prospectors RV Resort*
USDC, District of Colorado

Complaint
Page 3

## FACTUAL BACKGROUND

17. Plaintiff Josie Tapest worked for Defendants from April 2014 to August 5, 2015, or thereabouts.

18. For the RV park, Plaintiff acted as an office manager, including but not limited to duties such as greeting guests and responding to their requests.  In addition, especially during the slower seasons for the RV park, Plaintiff made calls for Defendants' Orion Recovery collections agency that they also ran out of the office on site at the RV park.

19. Plaintiff's working hours varied by the season.  Normally she began work at the campside office at around 6:45am and left the office between 5:00- 6:00 pm, but thereafter she was nearly always "on call" with her cell phone number posted at the office for campers to contact her with various requests.

20. Plaintiff's time worked was not tracked.  She generally never had a bona fide meal break of 30 minutes or more in which she was relieved of all her work duties.

21. Tapest estimates that generally she worked approximately 300-350 hours per month, plus "on call" time.

22. Initially, Plaintiff's pay was to be on an hourly basis, at a rate of $5.00 per hour.

23. At some point, Defendants indicated that they would pay her at a flat rate of $2,000 per month.  However, Plaintiff was not actually paid in amounts even coming close to this amount.  From time to time she was given smaller payments, but inconsistently and almost always with repeated urgings or reminders.

24. Plaintiff Tapest was never paid at a rate of one and one half times her normal hourly rate for all hours over 40 worked in a workweek.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Tapest v. Prospectors RV Resort*
USDC, District of Colorado

Complaint
Page 4

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

25. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Minimum Wage*

26. Defendants failed to pay Plaintiff the minimum wage for all hours times she worked, in violation of the FLSA.

*Failure To Pay Time Overtime Properly*

27. Defendants failed to compensate Plaintiff at a rate of one and one half times her normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Improper Deductions for Board, Lodging, or Other Facilities*

28. Defendant made improper deductions to Plaintiff's pay for "board, lodging, or other facilities" in contravention of 29 U.S.C. § 203(m), 29 C.F.R. §§ 531.29-33.

*Late Payments*

29. On at least some occasions, Plaintiff did not receive his paychecks on her prescribed paydays.

30. Because the employer failed to pay wages or overtime on the regular payment date, Plaintiff is entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

*Record-Keeping Failures*

31. At all relevant times, Defendants failed to make, keep, and preserve accurate records

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Tapest v. Prospectors RV Resort*
USDC, District of Colorado

Complaint
Page 5

regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### Willful & Not Based On Good Faith & Entitlement to Damages

32. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

33. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

34. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
#### COLORADO WAGE ACT VIOLATIONS
#### (Corporate Defendants Only)

35. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

36. The Defendants were Plaintiff's "employer" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2). Defendants employed the Plaintiff in a business or enterprise that sells or offers for sale a service, commodity, article, good, real estate, wares or merchandise to the consuming public, and generates 50% or more of its annual dollar volume of business from such sales, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(A).

37. The Plaintiff was Defendant's "employee" as that term is defined by the Wage Order

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Tapest v. Prospectors RV Resort*
USDC, District of Colorado

Complaint
Page 6

because  performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

### *Failure to Pay Minimum Wage*
**(Violation of the C.R.S. § 8-6-101 *et seq*.; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

38. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

39. Specifically, Defendants sometimes paid Plaintiff at a rate of $5.00 during the first part of her employment.  For a significant portion of her employment Defendants did not pay Plaintiff at all.

40. The minimum wage rate effective January 1, 2015 was $8.23 per hour.

41. The minimum wage rate effective January 1, 2014 was $8.00 per hour.

### *Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

42. Plaintiff worked more than 12 hours at least some days.

43. Plaintiff worked more than 40 hours at least some workweeks.

44. Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek or 12 hours in any given day.

45. Defendants did not pay the Plaintiff overtime premiums for hours worked over 12 hours in the workday.

46. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

47. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to her and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

48. Defendants violated the CMWWA as implemented by the Wage Order, when it failed to

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Tapest v. Prospectors RV Resort*
USDC, District of Colorado

Complaint
Page 7

pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

49. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at her regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

***Failure to Pay Wages***
**(Violation of the C.R.S. § 8-6-101 *et seq.*; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

50. The Defendants failed to pay Plaintiff the wages she had earned.

***Improper Deductions***
**(Violation of the C.R.S. § 8-4-105)**

51. The Defendant made deductions from Plaintiff's wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9)

52. Specifically, on the occasions they did pay her, Defendants made deductions to Plaintiff's wages for lodging.

***Willful Failure to Respond to Wage Demand***
**(Violation of the Colorado Wage Claim Act, C.R.S. §§ 8-4-109, -110)**

53. Plaintiff sent Defendant a wage demand letter pursuant to C.R.S. § 8-4-109.

54. In that Colorado Wage Demand letter, Plaintiff demanded $35,693.90 in unpaid wages.

55. Defendants did not respond substantively to Plaintiff's demand at all.

56. To the contrary, an individual purporting to be Defendants' agent verbally threatened Plaintiff and her family in an intimidating tirade.

57. More than 14 days have passed since Defendants received Plaintiff's wage demand letter and no wages have been tendered.

58. Therefore, the Defendants are liable to Plaintiff for an additional 125% of the first $7,500

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Tapest v. Prospectors RV Resort*
USDC, District of Colorado

Complaint
Page 8

demanded (which is $9375) plus 50% of the amount over $7500 which is $14096.95 for a subtotal of $23,471.95 in wage demand penalties.

59. Further, Defendant's failure to pay was willful.  Defendants' conduct includes egregiously underpaying her and threatening her and her family.  Therefore, the penalty shall increase by an additional 50%, or $11,735.98, bringing the total of wage demand penalties to $35,207.93.

### Denial of Mandatory Rest Periods
(Violation of the CMWWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1)

60. Defendants did not pay Plaintiff for all of her time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. Wage Order 7 C.C.R. 1103-1(7).

61. Defendants did not pay Plaintiff for all of her time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed. Wage Order 7 C.C.R. 1103-1(8).

### Late Payments
(Violation of the CMWWA, C.R.S. §§ 8-4-103)

62. Defendants did not pay Plaintiff all wages and compensation on regular pay periods of no more than the greater of one calendar month or thirty days, with paydays no later than 10 days after the close of the pay period, and the Plaintiff and Defendant did not mutually agree on any other alternative period of wage or salary payments.

### Record-Keeping Failures; Failure to Provide Pay Stubs
(Violation of the CMWWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1(12))

63. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

   a.   name, address, social security number, occupation and date of hire

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Tapest v. Prospectors RV Resort*
USDC, District of Colorado

Complaint
Page 9

    b.  date of birth, if the employee is under eighteen (18) years of age

    c.  daily record of all hours worked

    d.  record of allowable credits and declared tips

    e.  regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

64. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., Wage Order 7 C.C.R. 1103-1(12)).

***Damages***

65. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages  is owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

    (A)   Award Plaintiff unpaid and underpaid wages due under the FLSA and the Colorado Wage Laws;

    (B)   Award Plaintiff liquidated damages in the amount of  unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

    (C)   Award Plaintiff penalties pursuant to Colorado Wage Act, C.R.S. §§ 8-4-109, -110

    (D)   Award Plaintiff interest;

    (E)   Award Plaintiff the costs of this action together with reasonable attorneys' fees;

**ANDERSON DODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Tapest v. Prospectors RV Resort*
USDC, District of Colorado

Complaint
Page 10

and

(F)     Award such other and further relief as this Court deems necessary and proper.


### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the complaint.


Respectfully submitted, this **3rd** day of **June, 2016.**


ANDERSONDODSON, P.C.


**Penn A. Dodson**
*penn@andersondodson.com*
Attorney for Plaintiff

11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Tapest v. Prospectors RV Resort*
USDC, District of Colorado

Complaint
Page 11