**STIPULATION AND AGREEMENT OF COMPROMISE, SETTLEMENT, AND RELEASE PURSUANT TO SECTION 216(b) OF THE FLSA**

THIS STIPULATION AND AGREEMENT OF COMPROMISE, SETTLEMENT, AND RELEASE PURSUANT TO SECTION 216(b) of the FLSA ("Settlement Agreement" or "Agreement"), is made this 2nd day of May, 2017, by and between Jescena Sigler a/k/a Josie Tapest ("Tapest"), Trisha Kawahakui ("Kawahakui"), and Ryan Lessard ("Lessard") (collectively, the "Plaintiffs") and PS Camping, Inc. d/b/a Prospectors RV Resort ("Prospectors"), RhoJo Enterprises, LLC d/b/a Orion Recovery ("Orion"), Rhonda Schirado, and Michael Schirado (the "Schirados) (all Defendants collectively as, the "Defendants"), subject to the approval of the Court, as provided below.  The term "Companies" used herein shall include Prospectors, Orion, and all of their respective employees, agents, and attorneys, together with their predecessors, successors and assigns, both jointly and severally. This Settlement Agreement is intended by all parties to fully, finally, and forever resolve, discharge and settle the lawsuits titled *Tapest v. PS Camping, Inc. et al.* (D.Colo Case No. 1:16-cv-01340-MSK-CBS) (the "Tapest Litigation") and *Kawahakui et al., v. PS Camping, Inc. et al.*, (D.Colo Case No. 1:16-cv-01960-MSK-NYW) (the "Kawahakui Litigation") upon and subject to the terms and conditions hereof. Plaintiffs and Defendants may sometimes be referred to herein singularly as a "Party" or collectively as the "Parties."

W I T N E S S E T H:

WHEREAS, Prospectors owns and operates a recreational vehicle park in Canon City, Colorado.  At various times, Plaintiffs worked for Prospectors;

WHEREAS, Orion is a debt collection agency located on Prospectors' property.  At various times, Tapest worked for Orion and Kawahakui and/or Lessard allege they also worked for Orion.

WHEREAS, Prospectors is owned and run by the Schirados.

WHEREAS, Orion is owned and run by Rhonda Schirado.

WHEREAS, on June 3, 2016, Tapest initiated the Tapest Litigation against Defendants alleging that Tapest is owed unpaid wages;

WHEREAS, on August 2, 2016, Kawahakui initiated the Kawahakui Litigation against Defendants and amended said lawsuit on August 10, 2016 to add Lessard, alleging that Kawahakui and Lessard are owed unpaid wages;

WHEREAS, on October 25, 2016, by way of Court Order, the Tapest Litigation and the Kawahakui Litigation were consolidated in to the Tapest Litigation (hereinafter, the "Lawsuits"); and

WHEREAS, Defendants deny each and every allegation of liability and wrongdoing that was asserted or could have been asserted by Plaintiffs, and asserts that they have factual and legal defenses to all claims alleged in the Lawsuits, and that the claims brought by Plaintiffs are without merit.  Nevertheless, without admitting any wrongdoing or liability whatsoever, Defendants are willing to agree to the terms of this Agreement, provided that all of the Released Claims (as defined below) are settled and compromised, in order to fully resolve all issues related to the subject matter of the Lawsuits and to avoid adding to the substantial amounts of time, energy, and other resources that have been and, absent settlement will continue to be devoted to the Defendants' defense against the claims asserted by the Plaintiffs.  Plaintiffs and Defendants also concur that the

proposed settlement is fair, reasonable, and adequate.

NOW THEREFORE, in consideration of this Agreement, the mutual promises contained herein, the release and dismissal of all Released Claims, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Plaintiffs and Defendants hereby agree to the terms and provisions of this Settlement Agreement, subject to the approval of the Court:

I. Payment And Consideration:

   A. In consideration of the releases and other obligations entered into by the Plaintiffs pursuant to this Settlement Agreement, Defendants agree to remit the following consideration:

      1. The gross amount of $33,000, payable to Josie Tapest subject to issuance of a 1099 form;

      2. The gross amount of $2,500, payable to Trisha Kawahakui, subject to issuance of a 1099 form;

      3. The gross amount of $2,500, payable to Ryan Lessard, subject to issuance of a 1099 form;

      4. The extinguishment of the judgment owed to Defendants by Kawahaui and Lessard in the amount of $3,889.42 relating to the judgment entered in County Court, Fremont County, Colorado, Case No. 2016-C-001205, subject to issuance of a 1099 form. Defendants, as applicable, agree to execute a release and satisfaction of judgment in the form attached hereto as Exhibit "A"; and

      5. Reasonable attorneys' fees and litigation costs in an amount to be determined by the Court. Plaintiffs' counsel shall file a motion with the Court for a determination of fees and costs. The parties agree that for the purpose of this settlement only and not by way of admission, the parties shall abide by the same procedural mechanisms for the award of attorney fees and costs as if resolution of this case had occurred via a Rule 68 offer of judgment.

      6. Should any government authority determine that all or part of the payment(s) described above made under a Form 1099 to any of the Plaintiffs are taxable as wages, the respective Plaintiff will be solely responsible for the payment of any and all such taxes that are assessed.

   B. Timing:

      1. The above listed payments (I(A)(1)-(3)) and 1099 forms shall be sent to Plaintiffs' counsel and made in monthly installments as applicable and listed below. All payments received prior to the Court's final approval of the settlement, as described below, will be held in Plaintiffs' counsel's trust account and not disbursed to Plaintiffs unless and until such time as the Court grants approval and the expiration of seven (7) calendar days within which time any party may notify all other parties that the notifying party intends to exercise his/her/its appeal rights. Should any appeal be made by either side, the money will remain in the trust account during the pendency of the appeal. Should the Court not approve the settlement and the parties are unable to rectify any deficiencies indicated by the Court,

DocuSign Envelope ID: 935BE54F-95CA-4501-A4B2-4226B19B679E

and litigation resumes, Plaintiffs' counsel will return all funds to counsel for the Defendants within ten (10) days of such order or impasse, provided the parties and/or their counsel do not agree in writing otherwise.

   a. Release and Satisfaction of judgment upon signing this Agreement;
   b. $5,000.00 on or before June 1, 2017;
   c. $5,000.00 on or before July 1, 2017;
   d. $5,000.00 on or before August 1, 2017;
   e. $5,000.00 on or before September 1, 2017;
   f. $5,000.00 on or before October 1, 2017;
   g. $5,000.00 on or before November 1, 2017;
   h. $5,000.00 on or before December 1, 2017; and
   i. $3,000.00 on or before January 1, 2018.

In order to effectuate issuance of the above-referenced payments, Plaintiffs shall each execute a W-9 Form and submit such form to Defendants, through Defendants' counsel, upon execution of this Agreement.

2. Attorney fee payments.

   a. Payments shall be made toward the attorney fee award in the amount of $2,000 on or before November 1, 2017, December 1, 2017, January 1, 2018, February 1, 2018, and March 1, 2018.  Thereafter, payments shall be made in the amount of $5,000 on or before the first of the month for as many months thereafter as it may take for the obligation to be fully satisfied.
   b. These payments will be deposited into Plaintiffs' counsel's trust account and shall not be disbursed to operating funds until such time as (1) the Court issues an Order detailing the amount to be paid for attorneys' fees and costs and (2) the expiration of appeal rights.  Should any appeal be made by either side, the money will remain in the trust account during the pendency of the appeal.
   c. If no Court Order has been issued by the time the Defendants deposit $22,000, Defendants may discontinue making payments until such time as the Court has established the amount.

C. Delivery.  Payment may be made by any of the following means:

   1. ACH payments online in response to invoices electronically sent to Defendants or their counsel upon request.

   2. Check, cashier's checks or money orders sent to
      Penn Dodson, Esq.
      AndersonDodson, P.C.
      11 Broadway, Suite 615
      New York, NY  10004

D. Late fees.  Any payments not arriving or not honored within five (5) business days of the date on which they are due shall be subject to a penalty of 10% of the amount then due and owing.

II. <u>Additional Consideration By The Parties:</u>

    A. Escrowed Confession of Judgment. On behalf of Prospectors, Orion, and themselves individually, Rhonda and Michael Schirado agree to sign the Declaration of Confession of Judgment attached hereto as Exhibit B. This Confession of Judgment shall be delivered to Plaintiffs' counsel contemporaneously with the executed Agreement. Plaintiffs and Plaintiffs' counsel agree to hold this Confession of Judgment in escrow and will not cause it to be filed unless the following actions and inactions occur. If a payment is not received within five (5) business days of its due date, counsel for the Plaintiffs shall notify Defendants in writing (email or fax to their counsel is acceptable). Thereafter, if the payment is not received within five (5) business days of the first notice, Plaintiffs shall provide a second notice to Defendants (email or fax to their counsel is acceptable). Thereafter, if they payment is not received within five (5) business days of the second notice, Plaintiffs or Plaintiffs' Counsel may file the Confession of Judgment in court with no further notice to the Defendants.

    B. No Retaliation. Defendants agree not to engage in any activities against Plaintiffs which are in retaliation for their participation in the Lawsuits, to the extent required by the FLSA and/or CWA.

    C. No Re-employment. Plaintiffs acknowledge and agree that their relationship with the Defendants has been permanently and irrevocably severed, that they will not apply or re-apply for employment and/or work in the future with the Defendants, and that the Defendants have no obligation, contractual or otherwise, to hire, rehire and/or re-employ Plaintiffs in the future.

    D. References/Employment Inquiries. Defendants agree to provide neutral references for Plaintiffs in accordance with the terms of this section. Plaintiffs shall refer any requests for employment references by potential employers to Rhonda Schirado. Defendants agree that any employment inquiries or reference requests which are directed to Rhonda Schirado shall at most state dates of employment.

    E. Mutual Non-disparagement; non-interference. The Parties agree that they will refrain from posting negative reviews online or making disparaging statements regarding each other to any extent, online. Plaintiffs agree to refrain from interfering with Defendants' business operations, workers and employees. Conversely, the Defendants agree to refrain (personally and/or through any agents) from interfering with Plaintiffs' lives or livelihoods.

    F. Satisfaction of Judgment. Defendants agree, within ten (10) days of approval of this Settlement Agreement by the Court, to file all necessary paperwork with any Court, including but not limited to the Fremont County Court, Colorado, to register the satisfaction of judgment. Defendants further agree to contact and inform all credit reporting agencies and/or other agencies or individuals to whom the above referenced judgment against Kawahakui and Lessard was reported, if any, that said judgment has been satisfied.

DocuSign Envelope ID: 935BE54F-95CA-4501-A4B2-4226B19B679E

III. Dismissal of Action

    A. Upon full execution of this Agreement, or within three (3) business days thereof, the parties agree that the Plaintiffs' counsel will cause to be filed with the Court an Unopposed Motion to Approve Settlement and/or any other documents needed to obtain settlement approval.

    B. Should the Court not approve the settlement, the parties agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on March 17, 2017.

    C. The Parties agree to the dismissal of the Lawsuits with prejudice, following and subject to approval of the settlement by the Court, an order establishing the amount of attorney fees, and Defendants' satisfaction of all their payment obligations under this Agreement, for which the Court in which the Lawsuits were brought shall retain jurisdiction.

IV. Mutual General Release

    A. For and in return for the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs knowingly and voluntarily release and forever discharge Defendants from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demand whatsoever in law or in equity (hereinafter collectively referred to as the "Released Claims"), whether known or unknown which the Plaintiffs ever had or now have against the Defendants, based on any acts, omissions, transactions or occurrences whatsoever from the date of the beginning of the world to the effective date of this Agreement, and specifically, but not by way of limitation, to those claims arising by reason of or in any way connected with or which are or may be based in whole or in part on, or do or may arise out of or are or may be related to or with:

- the Lawsuits;
- employment of and/or termination of employment between Plaintiffs and Defendants;
- unlawful acts of any kind arising under or in reliance upon any statute (federal, state or local);
- deprivation of civil rights, unlawful acts of any kind, or discrimination under state, local or federal law or otherwise including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, Civil Rights Act of 1991; and Americans with Disabilities Act;
- interference with or breach of contract (express or implied, in fact or in law), detrimental reliance, breach of duty of good faith and fair dealing (express or implied) and/or breach of contract of any kind;
- retaliatory or wrongful discharge, breach of policy and/or public policy, bad faith discharge, negligence, negligent hiring and retention, negligent discharge, intentional and negligent infliction of emotional or mental distress, invasion of privacy, deceit, interference with advantageous relations,

    outrageous conduct, inducement, fraud, false imprisonment, assault, assault and battery, false arrest, malicious prosecution, breach of duty, libel, slander and/or tortious and/or criminal conduct of any kind;

- interference with business relationships, contractual relationships or employment relationships of any kind;
- loss of consortium;
- attorneys' fees, expenses or costs pursuant to any statute, contract or common-law claim;
- any and all other claims arising under law or equity; and
- any and all other claims asserted, or which could have been asserted by the Plaintiffs in any other charge or claim, and alleged violation of any applicable law, rule, ordinance, regulation or order.   However, this Agreement does not release any claims Plaintiffs may have against the Defendants' insurer arising out of acts or omission of an insured other than the Defendants, and/or that may not be released by law, and/or any claims to enforce this Agreement.

 B. Similarly, Defendants, on behalf of their predecessors, successors, heirs, officers, agents, employees, directors, shareholders, assigns, administrators, affiliates, servants, legal representatives and attorneys, hereby irrevocably and unconditionally release and forever discharge Plaintiffs, their respective predecessors, successors, heirs, officers, agents, employees, directors, shareholders, assigns, administrators, affiliates, servants, legal representatives and attorneys, from any and all obligations, claims, demands, actions or causes of action, known or unknown, including those related to their former employment, regardless of whether such were raised in the Lawsuits, from the beginning of time to the date of their execution of this Agreement.

V. <u>Miscellaneous</u>:

 A. Governing Law & Jurisdiction.  This Agreement shall be governed by and construed in accordance with the laws of the State of Colorado.  The parties agree that any disputes related to this Agreement shall be subject to the jurisdiction of the State of Colorado and any proceedings raised shall take place in federal or state courts of Colorado.

 B. Effective Date.  This Agreement shall be effective and enforceable upon the date stated in the first (1st) paragraph of this Agreement.  If no date is set forth within the first (1st) paragraph, then the effective date shall be on the date of the last Plaintiff's execution of this Agreement.  The parties acknowledge that upon execution of this Agreement by the Plaintiffs, it will be binding upon the Parties and is irrevocable.  Defendants further acknowledge that this provision does not abrogate their duty to issue payment to the Plaintiffs pursuant to the provisions regarding consideration above.

 C. Entire Agreement.  This writing is intended by the Parties as a final, complete, and exclusive statement of the terms of their understanding and shall supersede all prior negotiations, communications, agreements, or understandings of any nature whatsoever. If there is any conflicting language between this Agreement and any prior

DocuSign Envelope ID: 935BE54F-95CA-4501-A4B2-4226B19B679E

   document, this document governs.

D. Severability.  Each provision of this Agreement is intended to be severable.  In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

E. No Admission of Liability.  It is understood and agreed that this Agreement, any consideration given or accepted in connection with it, and the covenants made in it are all made, given, and accepted in settlement and compromise of disputed claims and are not an admission of liability by anyone. The Parties simply enter into this Agreement to buy their peace.

F. Taxes.  It is understood and agreed that Defendants have made no representations as to the taxability of any payments pursuant to this Settlement Agreement, including all payments to the Plaintiffs and Plaintiffs' counsel.  Each Plaintiff is advised to seek his or her own personal tax advice, and the Plaintiffs agree to be responsible for any and all taxes associated with the payments made hereunder.

G. No Assignment of Rights.  The Plaintiffs warrant and represent that they have not assigned, transferred, or hypothecated, or purported to assign, transfer, or hypothecate to any person or entity any of the Released Claims or any rights, claims, or causes of action arising therefrom.  This warrant and representation of non-assignment shall survive the execution of this Settlement Agreement and the dismissal of the Lawsuits. No settlement payment shall be paid to any person or entity with respect to whom any Plaintiff has assigned, transferred, or hypothecated, or purported to assign, transfer, or hypothecate any of the Released Claims or any rights, claims, or causes of action arising out of the Released Claims.

H. Knowing And Voluntary Waiver And Release.  The Parties hereto acknowledge that they are entering into this Agreement freely and voluntarily; that all Parties have read each page of this Agreement carefully before signing same; that all Parties have ascertained and weighed all the facts and circumstances likely to influence their judgment herein; that each Party has had the opportunity to be represented by its/his own counsel; that all the provisions hereof, as well as all questions pertaining thereto, have been fully and satisfactorily explained to each Party; that each Party has given due consideration to such provisions and finds them to be in their respective best interests; and, that each Party clearly understands and assents to all the provisions hereof.

I. Representations.  As part of this consideration for the conditions of the settlement as set forth above, the signatories expressly warrant and represent that (a) they are legally competent to execute this Agreement; (b) they have full and complete authority to execute this Agreement; (c) each person executing this Agreement on behalf of a Party has been fully authorized to do so on behalf of such Party; and (d) such Party is bound by the signature of such representative.

DocuSign Envelope ID: 935BE54F-95CA-4501-A4B2-4226B19B679E

J. Modification. This Agreement can only be modified in a writing signed by all Parties or their duly authorized agents in accordance with Colorado law.

K. Interpretation. Though one Party or its representatives may have drafted this Agreement, it shall be interpreted fairly, reasonably, and not more strongly against one Party than the other.

L. Enforcement. Notwithstanding this paragraph or any other provision within this Settlement Agreement, the Parties retain and reserve all rights, procedures and remedies available to enforce this Settlement Agreement, and nothing herein, except jurisdiction, venue, and choice-of-law provisions, shall abridge or otherwise limit the rights, procedures and remedies available to the Parties in enforcing this Settlement Agreement.

M. Additional Documents and Responsibilities. The Parties agree that they will at any time and from time to time as requested, execute and deliver all further instruments and documents without any charge whatsoever, and take all further action that may be necessary, to effectuate the intent of this Agreement; provided, however, that no such instruments or documents shall vary the terms of this Agreement, especially impose any additional costs, expenses, or obligations on any party. The exception to this is that, should Plaintiffs or Plaintiffs' counsel be forced to enforce this Agreement because of nonpayment in accordance with the provisions set forth above, Defendants agree to pay Plaintiffs' reasonable attorney fees for having to do so.

N. Binding Agreement. This Agreement shall inure to the benefit of and be binding on each Party's successors, assigns, heirs, administrators, representatives, and trustees.

O. Counterparts and Electronic Signatures. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such. The parties agree that a faxed, electronic, or scanned signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by electronic signature, fax or pdf attachments to emails.

P. Headings. Headings used in this Agreement are for convenience only and shall not be used in connection with the interpretation of any provision hereof.

Q. Defined Terms. Capitalized terms used in this Agreement shall have the meanings ascribed to them at the point where first defined, irrespective of where their use occurs, with the same effect as if the definitions of such terms were set forth in full and at length every time such terms are used.

R. Pronouns. Wherever appropriate in this Agreement, personal pronouns shall be deemed to include the other gender and the singular to include the plural.

S. Notices. Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and either sent by prepaid, registered or certified mail, return receipt requested, or by any so-called "overnight" or "one-day" mailing service addressed to such other Party at the address(es) set forth below. Notice

shall be deemed communicated within three (3) business days from the date of mailing or on the date of actual receipt, whichever date is earlier, if delivered as provided in this paragraph. The addresses for notice are as follows, unless otherwise specified:

| Party | Address | Copy to: |
|---|---|---|
| Defendants | Rhonda Schirado<br>Michael Schirado<br>PS Camping, Inc.,<br>    d/b/a Prospectors RV Resort<br>RhoJo Enterprises, LLC<br>    d/b/a Orion Recovery<br>43959 W US Highway 50<br>Canon City, Colorado 81212 | Jennifer Gokenbach<br>Gokenbach Law, LLC<br>3001 Brighton Blvd., Suite 2660<br>Denver, Colorado 80216<br>jennifer@gokenbachlaw.com |
| Plaintiff | Josie Tapest | Alexander L. Gastman, Esq.<br>Penn A. Dodson, Esq.<br>AndersonDodson, P.C.<br>11 Broadway<br>Suite 615<br>New York, NY 10004<br>alex@andersondodson.com |
| Plaintiff | Trisha Kawahakui | Alexander L. Gastman, Esq.<br>Penn A. Dodson, Esq.<br>AndersonDodson, P.C.<br>11 Broadway<br>Suite 615<br>New York, NY 10004<br>alex@andersondodson.com |
| Plaintiff | Ryan Lessard | Alexander L. Gastman, Esq.<br>Penn A. Dodson, Esq.<br>AndersonDodson, P.C.<br>11 Broadway<br>Suite 615<br>New York, NY 10004<br>alex@andersondodson.com |

T. Time is of Essence. TIME IS OF THE ESSENCE WITH THIS AGREEMENT.

IN AGREEMENT HERETO, the Parties set their hand and seal.

PLAINTIFFS:

*Josie Tapest*  
—45DB0ACDCA0142F...———————  5/7/2017
Jescena Sigler a/k/a Josie Tapest                    Date

_[signature: Trisha Kawahakui]_  5/10/2017
_____  _____
Trisha Kawahakui  Date

_[signature: Ryan Lessard]_  5/10/2017
_____  _____
Ryan Lessard  Date


DEFENDANTS:


_____  _____
Rhonda Schirado  Date
For PS Camping, Inc.


_____  _____
Rhonda Schirado  Date
For RhoJo Enterprises, LLC


_____  _____
Rhonda Schirado  Date
In her Individual Capacity


_____  _____
Michael Schirado  Date
For PS Camping, Inc.


_____  _____
Michael Schirado  Date
In his Individual Capacity

_____      _____
Trisha Kawahakui                                    Date


_____      _____
Ryan Lessard                                        Date



DEFENDANTS:

_____*signature*_____      _____5-5-17_____
Rhonda Schirado                                     Date
For PS Camping, Inc.


_____*signature*_____      _____5-5-17_____
Rhonda Schirado                                     Date
For RhoJo Enterprises, LLC


_____*signature*_____      _____5-5-17_____
Rhonda Schirado                                     Date
In her Individual Capacity


_____*signature*_____      _____5-5-17_____
Michael Schirado                                    Date
For PS Camping, Inc.


_____*signature*_____      _____5-5-17_____
Michael Schirado                                    Date
In his Individual Capacity