**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 16-cv-01340-MSK-CBS**

**JOSIE TAPEST,
TRISHA KAWAHAKUI, and
RYAN LESSARD,**

    **Plaintiffs,**

**v.**

**PS CAMPING, INC., d/b/a Prospectors RV Resort;
RHOJO ENTERPRISES, LLC;
RHONDA SCHIRADO; and
MICHAEL SCHIRADO**

    **Defendants.**

---

**OPINION AND ORDER DENYING, WITHOUT PREJUDICE, MOTION FOR APPROVAL**

---

    **THIS MATTER** comes before the Court pursuant to the parties' Unopposed Motion for Approval of Fair Labor Standards Act Settlement **(# 50)**.

    The Court need not summarize the proceedings to date – it is sufficient to observe that this case includes claims brought by the Plaintiffs under the Fair Labor Standards Act ("FLSA), that the parties have reached a full settlement of all of the claims, and that, consistent with tradition in FLSA cases, the parties have applied to the Court for approval of the FLSA settlement.

    On January 9, 2017, this Court issued an opinion and order in *Ruiz v. Act Fast Delivery of Colorado, Inc.*, D.C. Colo. Civ. Case No. 14-cv-870, explaining the Court's position that it no longer believed that routine court approval of Fair Labor Standards Act ("FLSA") settlements

1

was required, or even appropriate.  The Court deems the *Ruiz* Opinion incorporated herein to the extent necessary, and offers only a brief summary of it.

First, this Court found that developing precedent cast doubt on the longstanding rationale of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and that case's proposition that an FLSA settlement would not have any legal effect unless it had been approved by the court and reduced to a stipulated judgment.  *See Martinez v. Bohls Bearing Equipment Co.,* 361 F.Supp.2d 608, 618-31 (W.D.Tx. 2005).

Second, this Court announced that "an FLSA claim that is genuinely disputed by the employer may be compromised via a private settlement between the parties and that such settlement will be legally effective regardless of whether it is submitted to or approved by the trial court."

Third, the Court gave the parties in that case two options: they could elect to simply carry out the terms of their settlement with each other, without seeking Court approval of the settlement, and the Court would simply dismiss or close the case, just as it would do in the event of a private settlement of any other matter.  Alternatively, if the parties continued to desire express judicial approval of their settlement, the Court stated that it would not simply rubber-stamp their settlement, but would instead conduct "a careful study" of the proposed settlement, similar to the inquiry that the Court might perform in deciding whether to approve a class action settlement under Fed. R. Civ. P. 23.  The Court noted that such a review of the proposed settlement would require more information than the parties' largely conclusory brief in support of their motion for approval had provided.

The rationale of *Ruiz* is equally applicable here.  This Court remains convinced that routine reviews and approvals of FLSA settlements is unnecessary and adds nothing to resolution

of the parties' claims.  This Court sees no reason why the settlement of the claims here, like any other settlement of disputed litigation, cannot be effective simply upon the parties' agreement, allowing this case to be closed or dismissed without further consideration by the Court.  To the extent that the parties, however, see some benefit to judicial review of their agreement, the Court will require a more detailed showing to establish that the proposed settlement is "fair and reasonable."

Among other things the parties must address:

• The specific value of each Plaintiff's claimed injury.  Without such information, the Court cannot ascertain whether the settlement is a fair compromise of each Plaintiff's claimed losses.

• The Amended Complaint includes not only FLSA claims, but also extensive wage claims under state law, retaliation claims by Ms. Tapest, and breach of contract claims by Ms. Kawahakui and Mr. Lessard.  It appears that the settlement compromises those claims as well.  Because the Court's approval is sought only with regard to the FLSA claims, it is necessary to apportion the settlement amounts among the various claims being resolved before the Court can determine whether the amount apportioned solely to the FLSA claims represents a fair and reasonable compromise of those claims.

• Similarly, the proposed Settlement Agreement contains a broad array of additional concessions by the Plaintiffs, including releases of other claims of any kind that the Plaintiffs may have against the Defendants, an agreement to forego future re-employment by the Defendants, and an agreement to not disparage the Defendants or their business operations.  Each of these concessions exists outside of the scope of the FLSA and, presumably, each has an economic value to the Defendant.  Once again, it is necessary to reduce the total settlement amount by the value of concessions made by the Plaintiffs on non-FLSA matters before the Court can turn to the question of whether the FLSA settlement itself is fair and reasonable.

Accordingly, the Court **DENIES** the parties' Motion for Approval **(# 50)**.  Within 14 days of the date of this Order, the parties may either stipulate to dismissal of the action or request closure of the case, or, alternatively, file a renewed Motion for Approval that addresses, in detail,

the issues raised above and all other matters that would bear on the question of whether the proposed settlement of the FLSA claims is fair and reasonable to the Plaintiffs. If no renewed motion is filed within that time frame, the Court will assume the parties have decided not to seek judicial approval of the settlement and the Court will close this case.

Dated this 9th day of June, 2017.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge