# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

**Civil Case No. 16-CV-01340-MSK-CBS**

**JOSIE TAPEST,**
**TRISHA KAWAHAKUI,** and
**RYAN LESSARD**

              **Plaintiffs,**

**v.**

**PS CAMPING, INC.,** d/b/a Prospectors RV Resort;
**RHOJO ENTERPRISES, LLC** d/b/a Orion Recovery
**RHONDA SCHIRADO,** and individual; and
**MICHAEL SCHIRADO,** an individual,

              **Defendants.**

---

## MOTION TO ENTER
## CONFESSED JUDGMENT

---

     Plaintiffs hereby move this Court to enter Judgment against the Defendants pursuant to the Confession of Judgment they signed. The confession becomes live in the event of the default of their payment obligations pursuant to the terms of a settlement agreement that both parties signed. The agreement allows for this court to retain jurisdiction over the matter for these purposes.  While a dismissal was never filed in this case, to the extent that the case needs to be reopened out of administrative closure pursuant to Local Rule 41.2, Plaintiffs so move, for the good cause described herein.

## I.    OVERVIEW

     After some litigation [See Ex. A, Case Docket] the parties reached a settlement in their wage and hour case. [Ex. B, Settlement Agreement].  Pursuant to that agreement, Defendants were to

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

make monthly payments totaling $38,000 plus an amount to be determined by the court for attorney fees and costs, which was in due course set at $44,453.45. [Dkt. 63, p. 11]. Of this $72,453.45 owed, Defendants only ever made payments totaling $22,000. Despite multiple attempts to resolve the problems informally, eventually Plaintiffs propounded formal notice of default in accordance with the terms of the settlement agreement. At this point, it is ripe for judgment to be entered against the Defendants due to their payment defaults, as described more fully below.

## II. JURISDICTION

Following is the language from the Settlement Agreement regarding the Court's continuing jurisdiction over this matter:

> The Parties agree to the dismissal of the Lawsuits with prejudice, following and subject to approval of the settlement by the Court, an order establishing the amount of attorney fees, ***and Defendants' satisfaction of all their payment obligations under this Agreement, for which the Court in which the Lawsuits were brought shall retain jurisdiction***.

[Dkt. 50-1, Settlement Agreement, § III.C., p. 5 (emphasis added)]. From a review of the docket it appears that the case may have been administratively closed, but there have been no stipulations or notices of dismissal filed nor any ECF emails or orders to that effect. [Ex. A, Case Docket].

## III. RELEVANT PORTIONS OF SETTLEMENT AGREEMENT & CONFESSION OF JUDGMENT

Pursuant to the Timing section of the Settlement Agreement [Ex. A, p. 3], this was supposed to have been the payment schedule:

|  | Plaintiffs | Fees/Costs | Combined |
|---|---|---|---|
| TOTAL | $ 38,000.00 | $ 44,453.45 | $ 82,453.45 |
| 6/1/2017 | $ 5,000.00 |  | $ 5,000.00 |
| 7/1/2017 | $ 5,000.00 |  | $ 5,000.00 |
| 8/1/2017 | $ 5,000.00 |  | $ 5,000.00 |
| 9/1/2017 | $ 5,000.00 |  | $ 5,000.00 |
| 10/1/2017 | $ 5,000.00 |  | $ 5,000.00 |
| 11/1/2017 | $ 5,000.00 | $ 2,000.00 | $ 7,000.00 |
| 12/1/2017 | $ 5,000.00 | $ 2,000.00 | $ 7,000.00 |

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Tapest et al. v. PS Camping, Inc., et al.*
USDC, D. Colo., 1:16-cv-01340-MSK-CBS

Motion to Enter Confessed Judgment
Page 2

| 1/1/2018 | $ 3,000.00 | $ 2,000.00 | $ 5,000.00 |
|---|---|---|---|
| 2/1/2018 | | $ 2,000.00 | $ 2,000.00 |
| 3/1/2018 | | $ 2,000.00 | $ 2,000.00 |
| 4/1/2018 | | $ 5,000.00 | $ 5,000.00 |
| 5/1/2018 | | $ 5,000.00 | $ 5,000.00 |
| 6/1/2018 | | $ 5,000.00 | $ 5,000.00 |
| 7/1/2018 | | $ 5,000.00 | $ 5,000.00 |
| 8/1/2018 | | $ 5,000.00 | $ 5,000.00 |
| 9/1/2018 | | $ 5,000.00 | $ 5,000.00 |
| 10/1/2018 | | $ 4,453.45 | $ 4,453.45 |

Pursuant to § II.A. of the Agreement [Ex. B], in the event of a payment default, the following

procedures are invoked:

> ***Escrowed Confession of Judgment***.   On behalf of Prospectors, Orion, and themselves individually, Rhonda and Michael Schirado agree to sign the Declaration of Confession of Judgment attached hereto as Exhibit B. This Confession of Judgment shall be delivered to Plaintiffs' counsel contemporaneously with the executed Agreement.   Plaintiffs and Plaintiffs' counsel agree to hold this Confession of Judgment in escrow and will not cause it to be filed unless the following actions and inactions occur.  If a payment is not received within five (5) business days of its due date, counsel for the Plaintiffs shall notify Defendants in writing (email or fax to their counsel is acceptable). Thereafter, if the payment is not received within five (5) business days of the first notice, Plaintiffs shall provide a second notice to Defendants (email or fax to their counsel is acceptable).   Thereafter, if they payment is not received within five (5) business days of the second notice, Plaintiffs or Plaintiffs' Counsel may file the Confession of Judgment in court with no further notice to the Defendants.

In turn, the Confession of Judgment [Ex. J] states in relevant part as follows:

> Defendants, jointly and severally, hereby confess judgment in this court in favor of the Plaintiffs, Jescena Sigler a/k/a Josie Tapest, Trisha Kawahakui, and Ryan Lessard, in the sum of $76,000.00, plus any attorney fees awarded pursuant to the terms of that agreement and/or Court Order, less amounts paid pursuant to the Stipulation and Agreement of Compromise, Settlement, and Release Pursuant to Section 216(b) of the FLSA, dated in or around April 25, 2017, plus reasonable attorneys' fees and costs awarded in pursuance of any  proceedings related to collection of this Confession of Judgment, together with simple interest from the date of entry of judgment, computed at a rate of 8% per annum, compounded annually, and do hereby authorize the Plaintiffs  to enter judgment for said amount.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Tapest et al. v. PS Camping, Inc., et al.*                    Motion to Enter Confessed Judgment
USDC, D. Colo., 1:16-cv-01340-MSK-CBS                                              Page 3

## IV.     PAYMENT HISTORY, ATTEMPTS TO COLLECT, and DEFAULT NOTICE

Plaintiffs' counsel received payments from Defendants that were deposited into the firm's trust account on these dates in these amounts, totaling $22,000:

| 6/9/17 | $5,000 | Check |
|---|---|---|
| 7/5/18 | $5,000 | Online ACH Transfer |
| 8/3/17 | $5,000 | Online ACH Transfer |
| 9/27/17 | | Check that BOUNCED |
| 10/5/17 | $5,000 | Online ACH Transfer |
| 12/13/17 | $2,000 | Online ACH Transfer |

The first three payments were made without issue. The problems began in September 2017. Despite having made two payments online previously, Defendant Schirado indicated that she was having problems using the electronic payment system. [Ex. H, Emails] She that indicated she would send in a check. *Id*. She did so in late September, but it "bounced," due to insufficient funds. Then she made an electronic payment that was deposited on October 5, 2017.

Meanwhile, in late September and October, 2017, counsel indicated that Defendants wanted to amend the payment plan. [Ex. C pre-notice emails].  Ultimately, the parties came to an informal agreement to modify the payment schedule, with the understanding that "If your client abides by the payment plan from here on out, we'll call it square. If late payment becomes an issue again, we will not have waived our right to claim that as per the agreement." [Ex. C, Email 10/26/2018]. Defendants did not abide by the amended payment plan either.  The only other payment received thereafter was a partial payment of $2,000. No further payments have been received.

After many emails and informal attempts to resolve the issue, eventually formal notice of default became warranted.  Pursuant to the provisions of the Settlement Agreement, "If a payment is not received within five (5) business days of its due date, counsel for the Plaintiffs shall notify

**ANDERSON**D**ODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Tapest et al. v. PS Camping, Inc., et al.*                                                      Motion to Enter Confessed Judgment
USDC, D. Colo., 1:16-cv-01340-MSK-CBS                                                                          Page 4

Defendants in writing (email or fax to their counsel is acceptable)." Plaintiffs' counsel sent the formal notice via Priority Mail and email. [Ex. D, first notice, dated 11/15/17; Ex. I, tracking information; Ex. E emails re: notice]. The default provision in the Settlement Agreement continues, "Thereafter, if the payment is not received within five (5) business days of the first notice, Plaintiffs shall provide a second notice to Defendants (email or fax to their counsel is acceptable)." Plaintiffs' counsel did so. [Exs. F and G, second notice, dated 11/22/17; Ex. E emails re: notice]. "Thereafter, if the payment is not received within five (5) business days of the second notice, Plaintiffs or Plaintiffs' Counsel may file the Confession of Judgment in court with no further notice to the Defendants," the language continues. It has been well over five business days, and Defendants remain in default.

## V.      CALCULATION OF MONETARY AMOUNT

The confession of judgment is for the following amounts:

- $76,000,
- plus attorney fees awarded pursuant to the terms of that agreement and/or Court Order (i.e. $44,453.45)
- minus amounts paid pursuant to the agreement (i.e. $22,000)
- plus attorney fees and costs related to collection of this Confession of Judgment
- plus interest at 8% per year, compounded annually, from the date of judgment

(Ex. B, Confession of Judgment, ¶ 5).

A.   *$76,000.*  This number is higher than the total agreed settlement amount of $38,000 essentially because the plaintiffs strongly contended that they were entitled to more than $38,000 in their wage and hour case but were willing to settle for the lower amount on the condition that they would actually be paid. The higher amount was not an arbitrary "stick" to ensure compliance (otherwise the number may well have been an exponent of the agreed amount) but was a fair number to confess judgment to in the event of ultimate noncompliance with the agreement.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Tapest et al. v. PS Camping, Inc., et al.*                                  Motion to Enter Confessed Judgment
USDC, D. Colo., 1:16-cv-01340-MSK-CBS                                          Page 5

**B.** *Fees and costs for the underlying action.*   The confession states that the second component of recovery is to be "any attorney fees awarded pursuant to the terms of that agreement and/or Court Order."   The Court set this amount at $44,453.45.  Dkt. 63, p. 11.  Thus far, the running total is $120,453.45.

**C.** *Amounts Paid.*  As indicated above, this amount is $22,000. Therefore, this decreases the running total to $98,453.45

**D.** *Fees and costs for collections*. Plaintiffs and their counsel have identified a Colorado collections firm that they intend to hire to pursue the collection efforts. Plaintiffs' counsel has no connection or affiliation to this firm. This firm has indicated that they will charge 1/3 of any amounts recovered, plus costs. Assuming costs of $1546.55 to bring the running total up to an even $100,000 (and a reasonable estimation of costs, that are likely to include marshal costs, filing fees, etc.), that would mean that attorney fees for this potion would need to be set at $50,000. That way, the total judgment amount would be $150,000; the collections firm would get $50,000 in fees plus the $1546.55 in costs, and would leave the remaining $98,453.45 for the underlying portions described above.

**E.** *Interest.*  Interest is post-judgment, 8%, compounded annually.

**F.** *Summary*.  Putting these numbers together, the following calculations result:

|   | $ | 76,000.00 |   |
|---|---|---|---|
| + | $ | 44,453.45 | attorney fees and costs, underlying action |
| - | $ | 22,000.00 | paid to date |
| + | $ | 51,546.55 | collections attorney fees and costs |
| + | $ |   | interest (future) |
|   | $ | 150,000.00 | TOTAL |

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Tapest et al. v. PS Camping, Inc., et al.*                    Motion to Enter Confessed Judgment
USDC, D. Colo., 1:16-cv-01340-MSK-CBS                                              Page 6

## VI.    CONCLUSION

For the foregoing reasons, we ask that judgment be entered against Defendants in the amount of $150,000 plus post-judgment interest (8% per year, compounded annually). To the extent it is necessary for the case to be reopened for this purpose, Plaintiffs so move.

Respectfully submitted, this **12 day of September 2018.**

ANDERSONDODSON, P.C.

s/ *Penn Dodson*

**Penn A. Dodson**
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel
(646) 998-8051 fax
*penn@andersondodson.com*

Attorney for Plaintiffs

LIST OF EXHIBITS:

   A.  Case Docket
   B.  Settlement Agreement
   C.  Emails prior to formal notice of default
   D.  First notice of default
   E.  Emails during and after notice of default
   F.  Second Notice of Default to Defendants c/o Opposing Counsel
   G.  Second Notice of Default to Defendants
   H.  Emails with Defendant Schirado
   I.   Second Notice of Default Tracking Info
   J.   Confession of Judgment

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Tapest et al. v. PS Camping, Inc., et al.*          Motion to Enter Confessed Judgment
USDC, D. Colo., 1:16-cv-01340-MSK-CBS                                    Page 7